THE CHICAGO LUMBER AND COAL COMPANY V. JOHN M.
SWALLEY *et al.* (JOHN A. KEERAN, *Appellant;*
NANCY L. CURTIS, *Appellee*).

No. 16,548.

### SYLLABUS BY THE COURT.

MORTGAGES—*Sale of Part of Mortgaged Tract—Apportionment
of Mortgage Debt—Waiver.* Where the mortgagor of real
estate sells a part of the mortgaged tract, and the mortgagee
agrees with the buyer to release this portion of the premises
upon the payment of the purchase price, the agreement in
effect constitutes an apportionment of the mortgage debt, and
the neglect of the purchaser to pay a part of the agreed
amount will not leave the property subject to the entire in-
debtedness.

Appeal from Sheridan district court. Opinion filed
June 10, 1911. Affirmed.

*John A. Hartzler, Frank M. Sheridan, Charles T.
Meuser,* and *Bernard L. Sheridan,* for the appellant.

*S. N. Hawkes,* for the appellee.

The opinion of the court was delivered by

MASON, J.: John M. Swalley owned sixteen city
lots, on which John A. Keeran held a mortgage for
$300. Nancy L. Curtis bought a part of three of the
lots for $100. In an action in which Keeran sought a
foreclosure of the mortgage Mrs. Curtis testified in
substance that at the time of her purchase Keeran
agreed that upon her payment of the price he would
release her property from the mortgage; that she paid
$50 direct to Keeran under this arrangement, and with
his consent paid $45 to Swalley, to whom he agreed to
look for that amount; and that she then made extensive
improvements on the property. Keeran denied making
any such agreement. He admitted receiving $50 from
Mrs. Curtis, but said it was to pay an unsecured note
for that amount which he held against Swalley. His
testimony was corroborated by that of other witnesses,

but the court found the facts to be as claimed by Mrs. Curtis. Keeran appeals. There was some evidence that Keeran agreed to release the mortgage as to the part of the property bought by Mrs. Curtis, upon her payment of the $100, and therefore the judgment of the trial court must be deemed to establish that fact. In the journal entry it was said that in view of this agreement Keeran was estopped to assert a lien against it for more than $5. The appellant complains of this holding, on the ground that no estoppel was pleaded. The facts which the court found to result in an estoppel were set out in the pleading filed by Mrs. Curtis, and this was sufficient to present the issue.

The appellant also contends that even assuming the existence of the agreement testified to by Mrs. Curtis, the payment of the purchase price was a condition precedent to the release of the property of Mrs. Curtis from the mortgage, and as she had not paid the full amount she was not entitled to a release. The omission to pay the balance of $5 could not under the circumstances stated have the effect of leaving the whole of the property still subject to the full amount of the mortgage. The agreement was in substance one apportioning $100 of the mortgage debt against the small tract purchased by Mrs. Curtis, and allowing $45 of that to be paid to Swalley. Upon completing the payment she is entitled to have her property freed from the mortgage. The transaction described amounted to a waiver of any lien in excess of $100 upon the tract here involved, a waiver which may result from implication as well as from express agreement. (27 Cyc. 1163.)

The judgment is affirmed.